IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-76,956-05 & -06






EX PARTE BRUCE WILLIAM MACON, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. F-0900206-H & F-0900207-H 

IN CRIMINAL DISTRICT COURT NO. 1

FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of unlawful restraint and sentenced to forty years' imprisonment on each count. The Fifth Court of
Appeals affirmed his convictions. Macon v. State, Nos. 05-09-00511-CR & 05-09-00512-CR (Tex.
App.--Dallas 2010, no pet.).

 Applicant contends, among other things, that counsel was ineffective at the plea bargaining
and guilt stages of his case. On October 31, 2012, we remanded these applications and directed the
trial court to determine when they were delivered to prison authorities and whether they were filed
before the -03 and -04 applications were denied. If the trial court determined that these applications
were filed before the -03 and -04 applications were denied, we also directed it to make findings of
fact and conclusions of law in response to Applicant's claims. We also cited Campbell v. State in
our remand order. In that case, we held that the "pleadings of pro se inmates shall be deemed filed
at the time they are delivered to prison authorities for forwarding to the court clerk." 320 S.W.3d
338, 344 (Tex. Crim. App. 2010).

 On remand, the trial court found that the prison unit where Applicant is confined received
his applications for mailing on August 16, 2012. Under Campbell, his applications were filed on
August 16, 2012, before we denied the -03 and -04 applications. The trial court concluded, however,
that these are subsequent applications and stated that it would not make findings and conclusions in
response to Applicant's claims. The trial court's conclusion is not consistent with Campbell or the
provisions of § 4 in Article 11.07 of the Code of Criminal Procedure. (1) 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall order trial counsel to respond to Applicant's ineffective
assistance of counsel claims. The trial court may use any means set out in Tex. Code Crim. Proc.
art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings and conclusions as to whether counsel's conduct at the
plea bargaining and guilt stages was deficient. If the trial court concludes that his conduct was
deficient at the plea bargaining stage, the trial court shall determine whether there is a reasonable
probability that Applicant would have accepted a plea offer for twenty years and that the trial court
would have accepted his guilty plea. Lafler v. Cooper, 132 S. Ct. 1376, 1391 (2012). If the trial
court concludes that counsel's conduct at the guilt stage was deficient, the trial court shall determine
whether there is a reasonable probability that the result would have been different. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: June 12, 2013

Do not publish

1. Under § 4(a), if a subsequent application for a writ of habeas corpus is filed after final
disposition of an initial application challenging the same conviction, a court may not consider the
merits of or grant relief based on the subsequent application unless an applicant satisfies one of
the exceptions in § 4. The present applications were filed before there was a final disposition.